**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SCOTT A. CONZELMANN,** | ) | **CASE NO.1:11CR0035** |
| | ) | **1:14CV1281** |
| | ) | |
| **Petitioner,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Respondent.** | ) | |

<u>**CHRISTOPHER A. BOYKO, J:**</u>

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (ECF #46).  Petitioner contends that he received ineffective assistance of counsel and that he should not have been federally prosecuted.  The Government filed a Response in Opposition to Petitioner's Motion (ECF#49).  Petitioner filed a Traverse to the Government's Response. (ECF#50).  For the following reasons, the Court denies Petitioner's Petition.

## **FACTS**

On February 1, 2011,  an Indictment was filed charging Petitioner with two counts

of Distribution of Cocaine.  Petitioner pleaded guilty to both counts.  Petitioner was

found to be a Career Offender and was sentenced to 188 months incarceration followed

by three years of Supervised Release.  The Sixth Circuit Court of Appeals  affirmed

judgment on February 12, 2013.  Petitioner filed a Petition for Writ of

Certiorari, which the Supreme Court denied on June 25, 2013.

On June 13, 2014, Petitioner filed the instant Motion to Vacate, Set Aside or

Correct Sentence asserting the following grounds:

**GROUND ONE:** Adamson's representation was not tolerated by the Fifth and

Sixth Amendments.

**GROUND TWO:** In the absence of Congress's plain instructions Conzelmann's

alleged conduct is not federally prosecutable.

**STANDARD OF REVIEW**

Section 2255 of Title 28, United States Code, provides:

> A prisoner in custody under sentence of a court established by Act
> of Congress claiming the right to be released upon the ground that
> the sentence was imposed in violation of the Constitution or laws
> of the United States, or that the court was without jurisdiction to
> impose such sentence, or that the sentence was in excess of the
> maximum authorized by law, or is otherwise subject to collateral
> attack, may move the court which imposed the sentence to vacate,
> set aside or correct the sentence.

In order to prevail upon a §2255 motion, the movant must allege as a basis for relief:

'(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory

limits; or (3) an error of fact or law that was so fundamental as to render the entire

proceeding invalid. '"  *Mallett v. United States,* 334 F.3d 496-497 (6th Cir. 2003), quoting

2

*Weinberger v. United States,* 268 F.3d 346, 351 (6th Cir.2001).

## ANALYSIS

In Ground One, Petitioner contends that counsel failed to investigate Petitioner's past and that his deficient performance resulted in a longer sentence.  Petitioner also asserts that he is not a Career Offender.

A defendant seeking to establish ineffective assistance of counsel must satisfy the standards set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), where the Supreme Court formulated the following test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Id.* at 687.

In this case, the Government filed an Information which notified Petitioner of its intent to seek an enhanced statutory sentence based on his prior convictions.  As a result of these prior felony drug convictions, the Presentence Report designated Petitioner as a Career Offender under U.S.S.G. § 4B1.1.  Counsel filed a Sentencing Memorandum in which he objected to the PSR's Career Offender designation, and a Supplemental Sentencing Memorandum further disputing Petitioner's Career Offender designation.  At sentencing, counsel continued to object to Petitioner's classification as a Career Offender.

In the context of a guilty plea, a defendant seeking to establish the *Strickland*

3

prejudice requirement must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  Petitioner does not claim he would have gone to trial but for counsel's errors.  Petitioner only contends that his Career Offender designation is in error and that counsel should have prevailed in that argument.  Since the Sixth Circuit has previously determined that Petitioner met the Career Offender requirements, it follows that his attempt to dispute his career offender designation, couched in terms of ineffective assistance of counsel, is barred by the law-of-the-case doctrine. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 815-16 (1988).  Consideration of a matter previously decided in the case is precluded, unless extraordinary

circumstances exist.  *United States v. Garcia*, 496 F.3d 495 (6th Cir. 2007).

Petitioner has failed to show how the supposed errors he alleges would have impacted the outcome of his case.  Petitioner has offered no proof beyond mere allegation that his counsel's performance was deficient.  The Government correctly points out that although Petitioner now regrets his decision to plead guilty, that does not render counsel's representation constitutionally deficient.  Petitioner has provided no factual basis for vacating his sentence.  In the absence of facts beyond mere conclusory allegations, this Court finds that Petitioner has failed to meet his burden under *Strickand* showing his attorney's performance was unreasonable.  Therefore, Ground One is denied.

In Ground Two, Petitioner contends that he should not have been federally prosecuted.  In the supporting facts for Ground Two, Petitioner alleges that the Supreme Court decision in *Bond v. U.S.* supports this argument.  Although the Government was

unable to decipher Petitioner's handwritten Motion to determine exactly which case he refers to in his supporting facts, Petitioner states in his Traverse to the Government's Response that the case is *Bond v. United States*, 131 S.Ct. 2355.  The Court has thoroughly reviewed *Bond*, and holds that it is not relevant to the instant matter.  In *Bond,* the defendant was convicted of Possessing and Using a Chemical Weapon and Theft of Mail.  The defendant challenged her conviction and sentence based on a contention that it violated the Tenth Amendment.  The Court finds that the facts of that case have no relevance to this case.  Defendant has pleaded guilty to two counts of Distribution of Cocaine in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C), his fifth felony conviction.  Clearly his crimes were a violation of federal law.  Petitioner has failed to show how the Court was without jurisdiction to impose the sentence.  Therefore, Ground Two is denied.

The Court finds that Petitioner has not met his burden under *Strickland* in Ground One, and Ground Two is without merit.

Therefore, for the foregoing reasons, Petitioner's Motion to Vacate is denied. Furthermore, the Court declines to issue a certificate of appealability.

28 U.S.C. §2253(c) states:

**(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

**(A)** the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

**(B)** the final order in a proceeding under section 2255.

**(2)** A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

**(3)** The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

5

In *Slack v. McDaniel*, 529 U.S. 473, 483-4 (2000) the Supreme Court held,

To obtain a COA under  2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot,* includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' " (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n. 4 (1983) superceded by statute.

Since the Court has determined  Petitioner's claims in his Motion to Vacate are meritless, Petitioner has failed to make a substantial showing that he was denied any constitutional right.  Therefore, the Court will not issue a certificate of appealability.

IT IS SO ORDERED.

August 11, 2014          s/Christopher A. Boyko
Date                            CHRISTOPHER A. BOYKO
                                  United States District Judge

6